for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

UNITED STATES of America, Appellee

v.

Benjamin GWYN, Appellant.

No. 02–3104.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 9, 2007.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Sandra Gayle Roland, Assistant Federal Public Defender, Federal Public Defender, Washington, DC, for Appellant.

BEFORE: SENTELLE and TATEL, Circuit Judges, and EDWARDS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

Upon consideration of the joint motion to issue the mandate in which the parties advise the court that the district court would not alter the sentence previously imposed on appellant, and the court's order filed March 30, 2007, 481 F.3d 849, affirming the judgment of conviction, it is

**ORDERED and ADJUDGED** that the sentence of the District Court appealed from in this cause be affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition

PACE UNIVERSITY, Petitioner

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 06–1316, 06–1337.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 9, 2007.

Raymond John Pascucci, Bond Schoeneck & King, Syracuse, NY, for Petitioner.

Aileen A. Armstrong, Deputy Associate General Counsel, Meredith L. Jason, Jewel Lynn Fox, National Labor Relations Board, General Counsel, Washington, DC, for Respondent.

Before: GARLAND and GRIFFITH, Circuit Judges, and EDWARDS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This cause was considered on the record from the National Labor Relations Board ("Board") and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C. Cir. R. 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review is denied, and the Board's cross-application for enforcement is granted.

In two elections, a bargaining unit of transportation employees at Pace University voted to accept union representation by the New York State United Teachers. The Board set aside the first election, held on October 20, 2005, after the union and the university agreed that it was flawed. Following a re-run election, held on January 30, 2006, the Board certified the union as the unit's exclusive representative, but the university refused to bargain, arguing that the second election was also invalid. The Board held this refusal to be an unfair labor practice and ordered the university to bargain with the union.

■ On appeal, the university challenges the validity of the election on four grounds, none of which persuades us to discount the "wide degree of deference". *NLRB v. A.J. Tower Co.*, 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322 (1946). The university argues that the Board should have held a hearing to address improprieties in the first election. Given the Board's decision to set aside the first election and hold a second, we can find no error, let alone any abuse of discretion, in the Board's determination that no hearing was needed. *See N. of Mkt. Senior Servs., Inc. v. NLRB*, 204 F.3d 1163, 1166 (D.C.Cir.2000) (acknowledging that a re-run election is a sufficient substitute for a hearing). The university's suggestion that the taint from the first election somehow invalidated the second not only fails to account for the law of this circuit that "a court will overturn a Board decision to certify an election in only the rarest of circumstances," *id.* at 1167, but also relies entirely on a case from the Seventh Circuit whose facts bear only scant resemblance to those before us. *See NLRB v. Fresh'nd–Aire Co.*, 226 F.2d 737 (7th Cir.1955) (invalidating re-run election after the Board failed to correct the union-aided misperception that employer's conduct had voided initial election, where the initial election's actual flaw was the egregiously pro-union conduct of a Board agent). The university's resort to a "totality of the circumstances" argument offers nothing new but asks us, in effect, to displace the Board and its expertise with our own judgment, something we may not do. *Amalgamated Clothing & Textile Workers Union v. NLRB*, 736 F.2d 1559, 1562–63 (D.C.Cir. 1984).

The university also alleges a procedural defect. The Board solicited date proposals for the second election from the university and the union. The university suggested February 28. The university contends that the Board showed pro-union bias by choosing January 30, which it mistakenly argues was the union's suggested date. *See* Appendix at 47 ("[I]t is noted that the [union] initially proposed that the election be conducted in or about the second week of January, during the break between semesters."). The Board did not select the union's suggested date over the university's, but instead chose a date between their proposals.

Without any legal justification for invalidating the second election, the university cannot prevail. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.